

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00032-CV
_____


IN THE INTEREST OF A.M.G., A CHILD



On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 85846



Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

As a result of a petition filed by the Texas Department of Family and Protective Services, the trial court terminated Mother's parental rights to A.M.G. Mother appeals. By our order dated June 26, 2019, we abated this appeal so the trial court could provide the proper notices as required by the Indian Child Welfare Act (ICWA). Because the supplemental clerk's record does not reflect compliance with our order, we must abate this case a second time.

Our previous order required the trial court to comply with all requirements of 25 C.F.R. § 23.11 and the Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). Our order specified, "Section 23.11 . . . requires that the notice be sent to the 'appropriate Regional Director' and the Secretary of the Interior." It further recited Section 23.11, which states:

> Notice must include the requisite information identified in § 23.111, consistent with the confidentiality requirement in § 23.111(d)(6)(ix). **Copies of these notices must be sent to the appropriate Regional Director listed in paragraphs (b)(1) through (12) of this section** by registered or certified mail with return receipt requested or by personal delivery and must include the information required by § 23.111.

25 C.F.R. § 23.11 (emphasis added).

In response to our order requiring the proper ICWA notices, we received a supplemental clerk's record; however, that record does not demonstrate that notices were sent to the Regional Director as ordered. Also, it appears that the notice to the Secretary of the Interior was mailed to an incorrect address.

First, as explained in our prior order, the address for the appropriate Regional Director—as determined by application of 25 C.F.R. § 23.11(b)(4)—is "Anadarko Regional Director, Bureau

2

of Indian Affairs, P.O. Box 368, Anadarko, Oklahoma 73005." 25 C.F.R. § 23.11(b)(4).[1] Additionally, notices from Hunt County pursuant to Section 23.111(e) must also be sent to the Regional Director for the Western Region at 2600 North Central Avenue, Phoenix, AZ 85004. The address for the Secretary of the Interior is "Department of the Interior, 1849 C Street, N.W., MS-4660-MIB, Washington, D.C. 20240."[2]

Failure to comply with the notice requirements of the ICWA provisions creates the danger of invalidation of parental rights termination proceedings. Because the supplemental clerk's record does not demonstrate that the proper notices were sent, we again abate the appeal in cause number 06-19-00032-CV with the following instructions:

(1) the trial court shall provide proper notices that comply with the ICWA's statutory notice requirements discussed herein no later than **August 26, 2019**;

(2) the trial court shall thereafter conduct a hearing, no later than **September 18, 2019,** to determine whether A.M.G. is an Indian child under the ICWA;

(3) the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether A.M.G. is an Indian child;

(4) the reporter's record from the hearing shall be filed with this Court no later than **September 25, 2019;** and

(5) a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed with this Court no later than **September 25, 2019.**

---

[1]We refer the trial court to the BIA website and the "Search by Zip" feature at https://www.bia.gov/regional-offices.

[2]*See* https://www.bia.gov/contact-us.

*See* TEX. R. APP. P. 44.4.  Due to the accelerated nature of parental-rights termination proceedings, all matters relating to this order must be handled in an expedited fashion. This appeal will be reinstated upon receipt of the supplemental clerk's record.

       IT IS SO ORDERED.

BY THE COURT

Date:   August 20, 2019